**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Donald Petty, Appellant.

Appellate Case No. 2011-186066

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2013-UP-144
Heard March 5, 2013 – Filed April 10, 2013

**AFFIRMED**

Chief Appellate Defender Robert M. Dudek, of
Columbia, for Appellant.

Attorney General Alan Wilson and Senior Assistant
Deputy Attorney General Salley W. Elliott, both of
Columbia, for Respondent.

**PER CURIAM:** Donald Petty appeals his convictions for incest and third-degree criminal sexual conduct. Petty, who was tried for molesting one of his daughters, claims the trial court erred in admitting evidence regarding his molestation of

another daughter.  We find no abuse of discretion and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Whitner*, 399 S.C. 547, 557, 732 S.E.2d 861, 866 (2012) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (citations and quotation marks omitted)); Rule 404(b), SCRE (providing evidence of other crimes, wrongs, or acts may be admissible to show, among other things, the existence of a common scheme or plan); *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009) ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the . . . evidence [of the other crime] to determine whether there is a close degree of similarity."); 384 S.C. at 433, 683 S.E.2d at 278 (stating that when the similarities outweigh the dissimilarities, the evidence is admissible under Rule 404(b)); 384 S.C. at 435, 683 S.E.2d at 278 (stating that once the evidence of the other crime is found admissible under Rule 404(b), "the trial court must then conduct the prejudice analysis required by Rule 403, SCRE"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**